## Hipps Estate

*Eugene G. Kitko*, for claimant.

*Urey & Ammerman*, contra.

BELL, P. J., July 1, 1952.—The auditor's report shows that the Clearfield Trust Company, ancillary administrator of the estate of Ethel I. Hipps, has filed in the probate court with the Register of Wills of the District of Columbia a first and final account showing the payment of $600 to Joseph Gawler's Sons, Inc., on a total bill for funeral expenses presented, in the amount of $1,040.50. The auditor's report shows that no exceptions or objections were made to the first and final account in the District of Columbia, and the same was confirmed absolutely by the probate court of that District. The final account shows a balance of $5,526, which was transferred, and a first and final account filed in the Orphans' Court of Clearfield County, which is the account being audited. Joseph Gawler's Sons, Inc., have presented a bill for $440.50, which was one of the questions submitted to the auditor.

The claim of Joseph Gawler's Sons, Inc., was disallowed. The auditor stated:

"The will of the decedent, who resided in Washington a large portion of her time, provided she be buried in the Arlington Cemetery if she died in Washington, D. C., and she was in fact buried there. That a large portion of her estate was in the District of Columbia at the time of her death, and that the administrator had allowed for the funeral bill the sum of $600, that being the maximum sum allowable for funeral expenses in the District of Columbia in accordance with the provisions of the District of Columbia Code."

The part quoted by the auditor reads as follows:

"On the other side shall be stated the disbursements by him made, namely, first, the funeral expenses are to be allowed at the discretion of the Court, according to the condition and circumstances of the deceased, not exceeding $300.00, provided that for special cause shown the Court may make such additional allowance not exceeding $300.00, as such circumstances may warrant."

The auditor pointed out that the duties of administration regarding the manner of the management of the estate, are determined by the laws of the State of his appointment, even though it is not the estate of the domiciliary administration, and quotes A. L. I. Restatement of the Law of Conflict of Laws §499, as follows:

"The manner in which a claim can be proved in a state is fixed by the law of that state", and under comment, subsection (a), "The rule stated in this section is in accord with the general principle that conduct of administration is governed by the law of the state of appointment (see §468). (b) The manner in which a creditor who has been given security for a claim can prove such claim in a particular state, and

the amount for which he can prove in such state after applying the security to the payment of his claim, are governed by the law of the state of administration."

The auditor held that the right to prove a claim in another State applied only to claims against decedent and not to claims against the administrator; and the funeral bill was a claim against the administrator, or a claim against the estate, and accordingly disallowed the claim of Joseph Gawler's Sons, Inc., for $440.50.

On January 14, 1952, exceptions were filed to the auditor's report by counsel for Joseph Gawler's Sons, Inc. The auditor filed a supplemental report in which he said he had reëxamined the subject, found the exceptions were not well founded, and dismissed the same, as provided in Rule 25 of the Rules of the Orphans' Court of Clearfield County.

On February 26, 1952, the exceptions were renewed before this court.

The entire funeral bill was $1,190.50, of which $150 was paid by the Veterans Administration. Eugene Hipps was named as executor of the estate, but he resigned and the Clearfield Trust Company was appointed administrator d. b. n. c. t. a. and took out ancillary letters of administration in the District of Columbia. Joseph Gawler's Sons, Inc., presented a claim to the ancillary administrator and received $600, that being the total claim allowed under the law of that District, leaving a balance of $440.50 of the total bill unpaid. Exceptants contend that they are limited to the recovery of $600 for funerals in the District of Columbia, but not barred from recovering the cost of the funeral elsewhere. They point out that the administrator failed to deduct the $150 from the amount of the funeral expenses as received from the Veterans Administration, so they were not limited to the total of $600.

The Pennsylvania law governs the administration of the estate in this State. The District of Columbia law governs the assets that were located and distributed there. This is a contract arising in the District of Columbia and not a claim arising against decedent for an obligation incurred prior to his death. Claimant could prove his claim in the District of Columbia and if not allowed in full would be entitled to sue for the balance of the claim in every other State in which the estate was administered. See A. L. I. Restatement of the Law of Conflict of Laws §495. As this claim is not a claim against Ethel I. Hipps, and as the funeral directors who reside in the City of Washington knew that under the law of the District they were limited to $600 on account of the administration when they performed the services, we feel that the other creditors and beneficiaries of the estate should not be subjected to the payment of a contract made in the City of Washington, and that it is excessive under the statute of the place where the contract was made as well as where it was performed. We feel that the auditor was right in his ruling and will refuse the exceptions and made the following

### Order

Now, July 1, 1952, for the reasons given the exceptions to the auditor's report are refused.